IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3133-F

| | | |
|---|---|---|
| PHILLIP CROWDER, | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| Defendants. | ) | |

On May 20, 2014, Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [DE-1]. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915 [DE-2], and the matter is now before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As an initial matter, Plaintiff has filed a motion requesting the appointment of counsel [DE-6]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Accordingly, Plaintiff's motion for the appointment of counsel [DE-6] is DENIED.

Furthermore, Plaintiff has also filed a "motion for declaration" [DE-7]. In this motion, Plaintiff supplements his original complaint and reiterates his request for relief. This motion shall be construed as a request to amend his complaint and is ALLOWED.

Plaintiff pleaded guilty to be being a felon in possession of a firearm and on March 20, 2007

he was sentenced to a term of imprisonment of 72 months. United States v. Crowder, No. 5:06-CR-251-BO [DE-18]. However, on August 8, 2013, this conviction was vacated because Plaintiff was "not guilty of having been a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924 in light of the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc)." Crowder, No. 5:06-CR-251-BO [DE-45]. Before his conviction was vacated, Plaintiff "served five years and three months in federal prison." Compl. [DE-1], p. 3. In the instant complaint Plaintiff names the United States of America and two federal prisons as defendants, and he seeks to recover monetary damages for his unjust imprisonment.

Although Plaintiff seeks to proceed pursuant to Bivens[1], his claim is actually controlled by 28 U.S.C. §§ 1495 and 2513. Section 1495 states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." In turn, § 2513 states in pertinent part that:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

---

[1] A Bivens action will only lie against a federal government official and any such action against the United States or an agency thereof is routinely dismissed. See F.D.I.C. v. Meyer, 510 U.S. 471, 484–85 (1994).

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

28 U.S.C. 2513(a)-(c).

In sum, Plaintiff must file his claim for damages for an unjust conviction in the United States Court of Federal Claims. 28 U.S.C. 1495. However, Plaintiff must first obtain a certificate of actual innocence from his court of conviction before he may proceed with such a claim. United States v. Mills, No. 13-7358, 2014 WL 6871402, at *1 (4th Cir. Dec. 8, 2014); see United States v. Graham, 608 F.3d 164, 171 (4th Cir. 2010) ("Congress clearly did not provide in the unjust conviction and imprisonment act an avenue for monetary compensation to all whose criminal convictions are reversed after incarceration."). Accordingly, Plaintiff's request for monetary damages is premature.

### Conclusion

For these reasons, Plaintiff's motion to appoint counsel [DE-6] is DENIED and Plaintiff's motion to amend his complaint [DE-7] is ALLOWED. The Clerk of Court is directed to close this case and transfer Plaintiff's complaint, as amended [DE-1, 7], to Plaintiff's underlying criminal case, United States v. Crowder, No. 5:06-CR-251-BO. The complaint and its amendment shall be docketed as a motion for the issuance of a certificate of actual innocence pursuant to 28 U.S.C. 2513 dated May 20, 2014.

SO ORDERED. This 11 day of December 2014.

JAMES C. FOX
Senior United States District Judge

4

Case 5:14-ct-03133-F   Document 9   Filed 12/11/14   Page 4 of 4